UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

MILTON AL STEWART[1],
Acting Secretary of Labor,
United States Department of Labor,

    *Plaintiff,*

    v.

CE SECURITY LLC, CONCORD LIMOUSINE 1 LLC, and ALEXANDER GAVRILOV, as an individual,

    *Defendants.*

Civil Action No. 21-cv-00057

---

## ACTING SECRETARY OF LABOR'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

ELENA S. GOLDSTEIN
Deputy Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

DAVID J. RUTENBERG
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014

*Attorneys for Plaintiff
Secretary of Labor*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Al Stewart is automatically substituted as Plaintiff.

i

**TABLE OF CONTENTS**

I. Preliminary Statement ............................................................................................. 1

II. Background .............................................................................................................. 2

III. Standard of Review ................................................................................................. 3

IV. Argument.................................................................................................................. 4

   A. *Waffle House* holds that a federal agency is not bound by private arbitration agreements and may litigate claims seeking back wages and monetary damages for employees. ................ 4

   B. The Secretary has the independent authority to bring, and the unilateral authority to control, enforcement actions brought under the FLSA, including the one before the court. ....... 6

   C. The Secretary brings this FLSA enforcement action and seeks remedies in furtherance of the public interest. ..................................................................................................... 8

   D. The Secretary is not party to any arbitration agreement with any of the defendants........... 9

V. Conclusion............................................................................................................... 11

I.      **Preliminary Statement**

Defendants' motion to compel arbitration (ECF No. 11) rests on the faulty premise that arbitration agreements purportedly entered into between Defendant CE Security LLC ("CE Security") and Defendants' spotholder employees should somehow bind the Acting Secretary of Labor ("Secretary"), who is indisputably a non-party to any such agreement. Defendants' argument is contrary to binding Supreme Court precedent, the Federal Arbitration Act ("FAA"), the Fair Labor Standards Act ("FLSA" or "the Act"), bedrock contract law, and sound public policy. Defendants' arguments fail as a matter of law.

The Supreme Court has long held that private arbitration agreements do not bind non-party federal agencies that have independent statutory authority to bring their own enforcement actions. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 290-296 (2002). It is undisputed the Secretary is not party to any arbitration agreement of any kind with any of the Defendants. Nor is it disputed the FLSA provides the Secretary independent authority to bring, among other things, overtime and recordkeeping claims, choose the appropriate forum for those claims, and seek monetary, injunctive, and other equitable relief in the chosen forum. 29 U.S.C. §§ 216(c), 217. The Secretary remains "the master of [his] own case," notwithstanding any private arbitration agreements. 534 U.S. at 291. *Waffle House* accordingly requires denial of Defendants' motion.

Even absent directly controlling Supreme Court precedent—precedent astoundingly left unmentioned in Defendants' moving papers[2]—basic contract principles of mutual assent and

---

[2] Also left unmentioned is *any* authority stating or even suggesting a government agency may be bound by a third-party private arbitration agreement in the manner Defendants seek.

1

acceptance governs arbitration agreements. *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 US 643, 648 (1986). Here, there is none.

The Secretary is not bound to arbitrate his claims. As such, the Court must deny Defendants' plainly unfounded and borderline frivolous motion and any relief sought therein.

**II.     Background**

Under authority granted to the Department of Labor by sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, the Secretary filed the Complaint in this matter on January 5, 2021 alleging Defendants CE Security, Concord Limousine 1, LLC ("Concord") and Alexander Gavrilov violated the overtime and recordkeeping provisions of the FLSA, 29 U.S.C. §§ 207 and 211(c), by failing (1) to pay their spotholder employees[3] an overtime premium for weekly hours worked over 40 and (2) to maintain records required under the FLSA. *Compl.* ¶¶ 86-93, 94-97, 100-04 (ECF No. 1). The Complaint seeks, among other things, back wages and liquidated damages for 292 current and former employees (in addition to employees currently unknown) as well as injunctive relief. *Compl.* at 13-14; *Ex. A to Compl.* (ECF No. 1-5).

Defendants subsequently filed their pending motion and supporting materials arguing the Secretary is bound by the an arbitration agreement between CE Security and Defendants' employees and that the Secretary, a non-party to any arbitration agreement with any of the Defendants, must accordingly arbitrate his FLSA claims brought in the instant matter. *Defs.' Memo of Law* at 2 (ECF No. 11-3). In support of their assertion, Defendants point to a single 2017 "Con Edison Sub Contractors" document purporting to contain a valid arbitration clause between CE

---

[3] The Secretary also alleges Defendants misclassified its spotholder employees as independent contractors in furtherance of their bid to flout the FLSA's overtime and recordkeeping provisions. *Compl.* ¶¶ 59-85.

Security and "Con Edison Sub Contractor" Peter B. Alexander. *Ex. A. to Gavrilov Decl.* ¶ 13 (ECF No. 11-2). The relevant language provides:

> The location or venue of any dispute herein *between Security and the CE sub contractor* will be in New York City, New York and *the parties* agree to submit such dispute for resolution to the American Arbitration Association ("AAA"). *The parties waive* submitting resolution of disputes *between them* to the Courts of New York or any other judicial system. *The parties are limited* to resolution of disputes between them only by the AAA.

*Ex. A. to Gavrilov Decl.* ¶ 13 (emphasis added). Defendants rely upon this agreement between CE Security and one of its employees to assert the Secretary "is required to arbitrate any and all disputes." *Defs.' Memo of Law* at 5. Defendants produced only the one purported agreement in support of their motion. Mr. Alexander is not currently listed on Exhibit A to the Complaint. Indeed, Defendants have not provided any agreements between CE Security and *any* of the 292 spotholders listed on Exhibit A of the Complaint. Nor have Defendants explained how such purported agreements with CE Security, even if they exist and are valid, could compel arbitration against Defendants Concord and Gavrilov, both of whom Defendants do not assert were party to any of the agreements.

Neither the Secretary nor any individual authorized by the Secretary ever negotiated for, signed, or otherwise entered into an arbitration agreement of any kind with any of the Defendants. Ex. 1, *Rutenberg Decl.* ¶ 4. Indeed, at no point do Defendants point to evidence or even assert the Secretary entered into an arbitration agreement with any of the Defendants.

### III. Standard of Review

When considering motions to compel arbitration under the FAA, courts apply "a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). Accordingly, the Court must consider all relevant,

3

admissible evidence to determine the arbitratability of a claim, drawing all inferences against the movant. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 228-29 (2d Cir. 2016). Where the undisputed facts require the matter of arbitratability to be decided against one party or the other as a matter of law, the Court may do so without further proceedings. *Id.* at 229 (citations and quotations omitted).

**IV.** **Argument**

    **A.** ***Waffle House* holds that a federal agency is not bound by private arbitration agreements and may litigate claims seeking back wages and monetary damages for employees.**

The purpose of the FAA was to declare a policy favoring arbitration agreements between parties to the agreements. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Supreme Court affirmed, however, that contract principles, not the FAA's policy goals, continue to control interpretation of arbitration agreements. *Waffle House*, 534 U.S. at 294. In that case, as here, an employer attempted to force a federal agency, the EEOC, into arbitration by enforcing an arbitration agreement signed between the employer and the employee—a non-party in the case—for whom the EEOC sought monetary damages under Title VII of the Civil Rights Act. *Id.* at 282-86. The Supreme Court rejected the employer's attempt, holding the FAA "does not require parties to arbitrate when they have not agreed to do" and that "[i]t goes without saying that a contract cannot bind a nonparty. *Id.* at 293-94. In so doing, the Court emphasized that the FAA is "at bottom a policy guaranteeing the enforcement of *private* contractual arrangements," *id.* at 294 (quotation and citation omitted and emphasis added), but says nothing about the enforceability of arbitration provisions against public agencies that are not party to such agreements. *Id.* at 297.

4

The Supreme Court determined that, notwithstanding the FAA, a private arbitration agreement between an employer and employee did not bar an EEOC lawsuit seeking back wages and other "victim-specific" relief for that employee. *Id.* at 292. The Court's analysis in *Waffle House* focused on how the EEOC is the "master of its own case," as shown by the fact that the EEOC can pursue a Title VII claim without the employee's consent and the employee does not have an independent cause of action once the EEOC files suit. *Id.* at 291. It further explained that when the EEOC chooses to bring an enforcement action in a particular case, it may be [4]vindicating a public interest, and that to limit the EEOC's statutory authority to vindicate the public interest "would undermine the detailed enforcement scheme created by Congress simply to give greater effect to an agreement between private parties that does not even contemplate the EEOC's statutory function." *Waffle House*, 534 U.S. at 296. Ultimately, (1) the EEOC's independent and unilateral authority to proceed with litigation, (2) the public interests at stake in its enforcement actions, and (3) the fact the EEOC was not a party to the private arbitration agreement were determinative that the employee's agreement to arbitrate claims against his employer did not limit the EEOC's chosen forum or the remedies that it could seek in its own action. *Id.* at 294-96.

Although the Supreme Court in *Waffle House* focused on the EEOC's specific authority under Title VII, the same analysis applies here. This matter shares the same three characteristics the Supreme Court relied upon in *Waffle House*. Indeed, at least two courts have recently applied *Waffle House* to the FLSA context in recognizing that a private arbitration agreement between an employer and an employee does not preclude the Secretary from bringing claims in his chosen forum. *Scalia v. Arizona Logistics Inc., et al*, Case No. cv-16-04499, at *5 (D. Ariz. Mar. 24, 2020)

---

[4] As discussed below in more detail, the Secretary's instant case seeks to vindicate the public interest.

5

(ECF No. 173) (slip op.) (appeal pending); *see also Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1120 (9th Cir. 2018) (citing *Waffle House* for the proposition that an arbitration agreement would not apply to an enforcement action by the DOL). Accordingly, even assuming[5] Defendants entered into valid arbitration agreements with all of their spotholders, Defendants' motion must be denied as a matter of law.

>   B.  **The Secretary has the independent authority to bring, and the unilateral authority to control, enforcement actions brought under the FLSA, including the one before the court.**

Section 16(c) of the FLSA expressly authorizes the Secretary to "bring an action in any court of competent jurisdiction to recover . . . unpaid minimum wages or overtime compensation and an equal amount of liquidated damages" owed to employees.[6] 29 U.S.C. § 216(c). In addition, section 17 authorizes the Secretary, and only the Secretary, to bring suit in district courts to enjoin unlawful practices that violate the FLSA. *Id* § 217; *see Calderon v. King Umberto, Inc.*, 892 F. Supp.2d 456, 460 (E.D.N.Y. 2012) (explaining that the FLSA "explicitly creates two *distinct* mechanisms for vindicating the rights it confers on wage earners: a private lawsuit and a public lawsuit") (emphasis added, internal quotation marks omitted). Similar to the Title VII provisions examined by the court in *Waffle House*, 534 U.S. at 286 (citing Title VII's 42 U.S.C. § 2000e-5(f)(3)), FLSA sections 16(c) and 17 "specify the judicial districts" in which the Secretary's FLSA enforcement actions may be brought and "do not mention arbitration proceedings. 534 U.S. at 286.

---

[5] As mentioned, Defendants failed to support its assertion that any of the employees currently named on Plaintiff's Exhibit A to the Complaint signed arbitration agreements. This alone is sufficient basis to deny Defendants' motion under the relevant standard. *See e.g.*, *Wolin v. Midland Credit Mgmt, Inc.*, Case No. CV 15-6996, 2017 WL 3671176, at *3 (E.D.N.Y. Aug. 24, 2017) (denying motion to compel arbitration as to employee for whom employer failed to provide evidence employee assented to arbitration agreement even where others did).

[6] A wholly separate provision gives employees the ability to sue on their own behalf for unpaid minimum wages and overtime compensation and an equal amount of liquidated damages. 29 U.S.C. § 216(b).

Not only does the FLSA provide the Secretary independent authority to choose the appropriate forum to bring his case, it provides him unilateral authority to maintain "command of the process" similar to the EEOC in its cases.[7] *Waffle House*, 534 at 291. The Secretary does not need an employee's consent to bring an enforcement action even if such action seeks victim-specific relief. *See, e.g., Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 302 (1985) (permitting the Secretary's FLSA action over the objections of employees because "the purposes of the [FLSA] require[s] that it be applied even to those who would decline its protections"); *Reich v. Stewart*, 121 F.3d 400, 408 (8th Cir. 1997) (explaining a case brought by the Secretary under Section 16(c) does not require employee consent). Relatedly, the Supreme Court noted in *Waffle House* that if the EEOC files suit, the employee has no independent cause of action. 534 U.S. at 291 (citation omitted). Similarly, an employee's right to bring a claim under FLSA section 16(b) terminates upon the Secretary's filing of a complaint pursuant to his authority at sections 16(c) and 17. 29 U.S.C. §§ 216(b)-(c); *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 696 n.1 (2003). In fact, unlike in the Title VII context, the FLSA explicitly states that an employee cannot become a party plaintiff once the Secretary files suit, 29 U.S.C. §§ 216(b)-(c),

---

[7] The Secretary arguably exercises even *greater* independence in the FLSA context than the EEOC does in the Title VII context because, unlike the EEOC, the Secretary is not limited to bringing enforcement actions only after a "charge" has been filed and is not required to pursue informal methods of conciliation before filing suit. *See McLane v. EEOC*, 137 S. Ct. 1159, 1164 (2017) (explaining that the EEOC's "responsibilities are triggered" by the filing of a charge of discrimination) (internal quotation marks omitted); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 64-65 (1984) (citing to Title VII's legislative history that noted that the EEOC's investigatory power is "significantly narrower" than that of the Department of Labor's Wage and Hour Administrator). In comparison, the Secretary has wide latitude to investigate potential FLSA violations and to bring FLSA enforcement actions. Section 211(a) of the FLSA provides that, in addition to investigating and litigating in response to complaints from employees, the Department's Wage and Hour Administrator can independently initiate an investigation for compliance with the FLSA without ever receiving a complaint, and that such investigations can ultimately result in the Secretary filing a complaint in district court. 29 U.S.C. 211(a).

demonstrating the Secretary maintains even greater control over his case than the EEOC does in its litigation.

All of the features of the FLSA's enforcement scheme set forth above demonstrate that the Secretary has at least as much independent and unilateral authority in litigating an FLSA action. Indeed, the Secretary brought this case pursuant to Sections 16(c) and 17. *Compl*. at 1, 13-14. The Secretary seeks injunctive relief, as well as back wages and liquidated damages. *Id.* at 13-14. The Secretary is, clearly, the Plaintiff. And no current or former spotholder of Defendants is a party in this action. There can be no doubt that the Secretary holds singular discretion over FLSA enforcement actions such as this one.

### C. The Secretary brings this FLSA enforcement action and seeks remedies in furtherance of the public interest.

The Supreme Court in *Waffle House* held that, despite an employee's arbitration agreement, the EEOC could pursue in court both victim-specific relief, such as back pay and other damages, and injunctive relief because both kinds of relief further the public interest. 534 U.S. at 291-92. Similar to the EEOC, the Secretary brings district court enforcement actions under the FLSA, including this matter, to protect the public interest through pursuit of both victim-specific monetary relief and injunctive relief. *Solis v. Texas*, 488 F. App'x 837, 839 (5th Cir. 2012) ("A suit by the Secretary of Labor under the FLSA is a suit in the public interest, notwithstanding the fact that the money obtained passes to private individuals"); *Scalia v. Unforgettable Coatings, Inc.*, 455 F. Supp. 3d 987, 992 (D. Nev. 2020);

Similar to the EEOC, the Secretary, through the statutory provisions discussed above, has the authority to "evaluate the strength of the public interest at stake" when determining whether to file suit seeking victim-specific relief. *Waffle House*, 534 U.S. at 291-92. As in *Waffle House*, the

8

FAA does not purport to override the authority that Congress gave to the Secretary to vindicate the public interest by bringing FLSA enforcement actions in court, as contemplated by the statute. Compelling the Secretary to arbitrate such actions "would undermine the detailed enforcement scheme created by Congress," 534 U.S. at 296, and inhibit the Secretary's ability to vindicate the public interest by foreclosing the Secretary from proceeding to seek statutory remedies in his chosen judicial forum. Indeed, the remedies sought by the Secretary in this matter are not the same remedies that spotholders could seek on their own behalf. Under the FLSA, for instance, only the Secretary may bring suit seeking injunctive relief, which is squarely in the public interest. *Marshall v. Kreten Char-Broil, Inc.,* 507 F. Supp. 445, 445-46 (E.D.N.Y. 1980) (citing *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965)). The Secretary in this matter, like the EEOC in *Waffle House*, seeks remedies in furtherance of the public interest, which cannot be waived by a private agreement.

> **D. The Secretary is not party to any arbitration agreement with any of the defendants.**

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 US 643, 648 (1986) (citation and quotation omitted) (emphasis added). This principle applies equally forcefully in the FAA context because, "[i]t goes without saying that a contract cannot bind a nonparty" *Waffle House*, 534 U.S. at 294; *see also Volt Info Scis., Inc. v. Bd. Of Trustees of Leland Standford Junior Univ.*, 489 U.S. 468, 478 (1989) ("Accordingly, we have recognized that the FAA does not require parties to arbitrate when they have not agreed to do so."). More particularly, a non-party to an agreement to arbitrate FLSA claims is not bound by the agreement

9

and may file such claims in its chosen forum.[8] *Agarunova v. Stella Orton Home Care Agency, Inc.*, 794 F. App'x, 138, 139-40 (2d Cir. 2020). In the context of government enforcement actions in particular, the Supreme Court explicitly stated that the FAA's pro-arbitration goals "do not require the agency to relinquish its statutory authority if it has not agreed to do so." *Waffle House*, 534 U.S. at 294.

Forcing the Secretary to arbitrate here would be contrary to the FAA's mandate that arbitration agreements be enforced according to their terms because it is indisputable that the Secretary was not a party to the arbitration agreements at issue. *See United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960) ("[T]he judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate[.]"). The inquiry need not go further than this. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("Accordingly, the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.").

Here, the undisputed facts firmly establish the Secretary never entered into any arbitration agreement with any of the Defendants. Ex. 1*, Rutenberg Decl*. ¶¶ 4-5; *Gavrilov Decl*. ¶ 5. Indeed, Defendant Gavrilov's own declaration states only that "the *independent contractors* signed a Con Edison Sub Contractors agreement[,]" *Gavrilov Decl.* ¶ 5 (emphasis added), but makes no such assertion about the Secretary. The central fallacy of Defendants' argument is further reflected in their *Memorandum of Law* in which they state the "agreement at issue here was duly executed by the Defendants and the 'spotholders'" somehow serves to support the conclusion "Plaintiff is

---

[8] Under New York law, "[m]utual assent is essential to the formation of a contract and a party cannot be held to have contracted if there was no assent or acceptance." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (citations and quotations omitted) (alternation in original).

10

required to arbitrate any and all disputes." *Defs.' Memo of Law* at 4-5. Not only do Defendants ignore *Waffle House*, they provide no authority supporting their proposition a federal agency may be bound by private arbitration agreements in the first instance.

Simply put, this litigation does not implicate any alleged arbitration clause between any of Defendants and any of their employees. Nor, under binding Supreme Court precedent and basic contract principles would the existence of such agreements in any way affect the Secretary's statutory authority to file the instant case in this Court or to seek all relief authorized by the Act. The Court should accordingly deny Defendants' motion as a matter of law.

## V.    Conclusion

For the reasons set forth above, the Court must deny Defendants' pending motion as a matter of law and any relief requested therein.

Respectfully Submitted,

DATED:     March 3, 2021
                New York, New York

                                      ELENA S. GOLDSTEIN
                                      Deputy Solicitor of Labor

                                      JEFFREY S. ROGOFF
                                      Regional Solicitor

                                      s/ David J. Rutenberg
                                      DAVID J. RUTENBERG
                                      Trial Attorney

                                      U.S. Department of Labor
                                      Office of the Solicitor
                                      201 Varick Street, Room 983
                                      New York, NY 10014
                                      Tel: 646.264.3686
                                      Fax: 646.264.3660
                                      Rutenberg.david.j@dol.gov
                                      NY-SOL-ECF@dol.gov

                                      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on March 3, 2021 using the Court's ECF system, which will effectuate service on the following:

>Roger V. Archibald
>Counsel for Defendants
>Roger V. Archibald PLLC
>26 Court Street, Suite 711
>Brooklyn, NY 11242
>rva@brooklynatty.com

>s/ David J. Rutenberg
>David J. Rutenberg
>Trial Attorney
>United States Department of Labor