**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**SECRETARY OF LABOR,**

                               **Plaintiff,**                **MEMORANDUM**
                                                                    **AND ORDER**

      **-against-**

                                                                             **21-cv-57 (AMD)**

**CE SECURITY LLC, et al.,**

                               **Defendants.**
-------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion filed by plaintiff, the Secretary of Labor (the "Secretary"), see Motion For Reconsideration (May 19, 2022), Electronic Case Filing Docket Entry ("DE") #26, for reconsideration of a ruling from the bench on May 5, 2022 (the "May 5th Order"), which denied the Secretary's motion to compel defendants to provide contact information for their "spotholders," see Order (May 5, 2022), DE #25. Defendants oppose the motion, arguing that the Secretary is not entitled to a "second bite at the apple," and that the Court's ruling was correct, in that defendants have already "produc[ed] Form 1099s for all of [their] spotholders." See Response in Opposition (May 23, 2022) at 2, 3, DE #27. For the reasons that follow, the Court, on reconsideration, modifies its prior ruling.

## DISCUSSION

      As an initial matter, the Secretary's suggestion that the Court's ruling "was clear error" is unavailing. See Memorandum in Support (May 19, 2022) ("Sec'y Mem.") at 3, DE #26-1. The only in-circuit caselaw cited by the Secretary in his original motion to compel was

wholly inapposite, as the demanded contact information was needed in order to disseminate notice of the collective to its members. See Letter Motion to Compel Discovery (Apr. 29, 2022) at 3, DE #23; Transcript Excerpts at 35-36, 42-43, DE #26-2. On the other hand, as this Court has observed, "[c]ourts in [the Eastern District of New York] have proved very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage." Heras v. Metro. Learning Inst., 19-CV-2694 (DG), 2021 WL 3269056, at *1 (E.D.N.Y. July 30, 2021) (internal quotation marks and citation omitted).

Accordingly, the Court in no way erred in denying the Secretary's motion to compel, and the Court would be amply justified in refusing to modify its prior ruling. That said, Rule 54(b) of the Federal Rules of Civil Procedure, which provides that interlocutory orders "may be revised at any time before the entry of a judgment . . . [,]" Fed. R. Civ. P. 54(b), "gives district courts broad discretion to reconsider, reverse or modify interlocutory orders previously entered in a case." Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc., 987 F.Supp.2d 267, 275 (E.D.N.Y. 2013); see, e.g., In re N. Telecom Ltd. Sec. Litig., 42 F.Supp.2d 234, 239, 243 (S.D.N.Y. 1998). Having reviewed the caselaw cited for the first time in the Secretary's motion for reconsideration, see Sec'y Mem. at 6, the Court exercises its "broad discretion" to reverse its prior ruling and to order defendants to provide the demanded contact information, consistent with out-of-circuit decisions, as well as analogous in-circuit decisions, involving administrative subpoenas served by the Department of Labor and in Title VII lawsuits brought by the EEOC, see id. (collecting cases). In contrast to pre-certification demands for contact information in Fair Labor Standard Act cases involving non-government

plaintiffs and counsel, the Secretary's request raises no "concern that plaintiffs' attorneys may be seeking such information to identify new clients[.]"  Heras, 2021 WL 3269056, at *1 (internal quotation marks and citation omitted).

Nor have defendants made any showing that requiring them to produce the requested contact information (including last-known phone numbers and email addresses) would be unduly burdensome.  Defendants presumably have access to that information and should share it with the Secretary, who seeks to contact the spotholders regarding defendants' workplace practices.  See Sec'y Mem. at 7.  Under the circumstances of this case, the information sought is relevant and discoverable and should be produced.

## CONCLUSION

For the foregoing reasons, having reconsidered the May 5th Order, the Court modifies its ruling and directs defendants to produce the demanded contact information by June 16, 2022.

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 2, 2022

/s/   *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**