UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor**,**

                                Plaintiff

v.

CE SECURITY LLC, CONCORD LIMOUSINE 1 LLC, and ALEXANDER GAVRILOV, an individual,

                                Defendants.

Civil Action No. 21-cv-00057

**DEFENDANTS' OPPOSITION TO THE SECRETARY OF LABOR'S MOTION TO STRIKE DEFENDANTS' VISUAL AID AND USE OF RECORD MATERIALS**

---

COMES NOW Defendants CE Security LLC and Concord Limousine, Inc., by and through counsel, to oppose the Secretary's Motion to Strike. The Motion improperly seeks to exclude trial testimony offered for non-hearsay purposes and to strike reference to Defendants' Rule 56.1 Statement, which remains part of the record. Both arguments are unfounded, and the Motion should be denied.

**INTRODUCTION**

The Secretary of Labor moves to strike two aspects of Defendants' post-trial briefing: (1) the inclusion of a demonstrative exhibit labeled "Visual Aid of Working Hours by Month," and (2) citations to Defendants' Rule 56.1 Statement of Undisputed Material Facts. The Secretary argues that both the visual aid and the Rule 56.1 Statement rely on materials not admitted into evidence at trial and therefore must be disregarded in the Court's post-trial analysis. According to the Secretary, the visual aid constitutes new evidence not disclosed or offered at trial and thus

violates the Federal Rules of Evidence, while the Rule 56.1 Statement is inadmissible because it was not listed in the parties' joint pretrial order and was not separately introduced during the evidentiary phase.

Defendants oppose both arguments. As set forth below, the visual aid is a permissible demonstrative exhibit that summarizes and aids interpretation of materials already in evidence. The Rule 56.1 Statement, meanwhile, was filed on the record and is appropriately cited in the limited context in which it appears. Both items fall within the permissible scope of post-trial briefing.

## LEGAL STANDARDS

Courts may strike any redundant, immaterial, impertinent, or scandalous matters from a party's pleadings or papers. See *Lynch v. Southampton Animal Shelter Found., Inc.,* 278 F.R.D. 55, 63 (E.D.N.Y. 2011). Motions to strike are not generally "favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 220 (E.D.N.Y. 2018); quoting *Lennon v. Seaman*, 63 F.Supp.2d 428, 446 (S.D.N.Y. 1999).

To succeed on a motion to strike, the moving party must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York,* 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001) (quoting *Koch v. Dwyer,* No. 98 Civ. 5519, 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 29, 2000)).

"Immaterial matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not

necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005).

## ARGUMENT

I. <u>The Court should Deny the Secretary's Motion to Strike Defendant's Demonstrative Exhibit A.</u>

The trial court judge has broad discretion in determining the admissibility of demonstrative evidence. Demonstrative or physical evidence is generally admissible if, for instance, "it tends to prove or disprove a disputed or material issue." *McCullough v. Filion*, 378 F. Supp. 2d 241, 254 (W.D.N.Y. 2005); quoting *People v. Pobliner*, 32 N.Y.2d 356, 369, 345 N.Y.S.2d 482, 298 N.E.2d 637 (1973), cert. denied, 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 110 (1974) (citations omitted) see also *Wesler v. Kassl*, 109 A.D.2d 740, 485 N.Y.S.2d 844, 845 (1985) ("The admission or exclusion of real or demonstrative evidence rests largely within the discretion of the trial court.").

Furthermore, "… demonstrative evidence is admissible in the court's discretion, variations between the demonstration and the original event must be carefully weighed. […] Any variation affects the weight accorded demonstrative evidence although it does not require exclusion." *People v. Diaz,* 163 Misc. 2d 390, 396, 625 N.Y.S.2d 388, 392 (Sup. Ct. 1994); see also *People v. Mariner* (147 A.D.2d 659, 538 N.Y.S.2d 61 [2d Dept 1989], lv denied 74 N.Y.2d 666, 543 N.Y.S.2d 409, 541 N.E.2d 438 [1989]).

Exhibit A is a demonstrative aid derived entirely from evidence already in the trial record. It is not being offered as new evidence, nor is it intended to introduce new factual contentions. Rather, it is a visual summary crafted to help the Court digest and assess a key issue in the case: whether the spotholders worked a consistent, continuous, full-time schedule, or whether their hours varied significantly from week to week and month to month. **That question**

**goes directly to the economic realities of their work and whether they were employees or independent contractors.**

This summary aids the Court by compiling data from trial exhibits, specifically, the Secretary's own back wage computations, and presenting it in a clear, digestible format. The Secretary does not dispute that the source material was admitted at trial. The only objection is to the manner in which that material is organized and illustrated. Demonstrative aids are frequently used in post-trial submissions precisely for this reason: to assist the factfinder in understanding the implications of complex or voluminous records. The underlying data is not in question. What Defendants have done is simply consolidate that data into a chart reflecting only those weeks in which the Secretary alleged overtime violations. The reason for that focus is obvious, those are the weeks at issue in the Secretary's own case.

To the extent the Secretary now argues that Exhibit A omits hours worked in non-overtime weeks, **that argument goes to the weight of the exhibit**, not its admissibility. Courts have consistently held that demonstrative exhibits are admissible when they help prove or disprove a material fact. See *McCullough*. Any discrepancies between the demonstrative and the full underlying record are grounds for cross-examination or rebuttal, not exclusion. See *Diaz*. As noted above, demonstrative evidence may vary from the original material without warranting exclusion. Any such variation may be considered by the Court in weighing the aid's persuasive value.

The Secretary's position conflates two distinct concepts: the admissibility of demonstrative aids and the obligation to disclose trial exhibits under Rule 26. However, Exhibit A is not being offered as a standalone exhibit; it is a post-trial demonstrative summary of

admitted evidence. There is no rule that prohibits parties from using such summaries to assist the Court in post-trial briefing.

If the Secretary believes the chart omits context or skews interpretation, they are free to file a rebuttal or to submit their own version of the data. What they cannot do is prevent the Court from considering a plainly relevant and helpful summary that illustrates the variability of work hours, a central point in the independent contractor analysis.

Ultimately, Exhibit A does not mislead. It illuminates. It helps clarify the precise nature of Defendants' argument concerning the flexible, inconsistent, and non-continuous work schedules of the spotholders. It distills complex time records into an organized chart to allow the Court to evaluate that issue more efficiently. That is the purpose of demonstrative evidence, and there is no basis to exclude it.

## II. Defendants' citations in their post-trial briefing to deposition testimony and Rule 56.1 Statements are proper, relevant and admissible.

The Secretary's motion to strike references to deposition testimony and the Rule 56.1 Statement misrepresents both the nature and the admissibility of those materials.

### i. *The deposition testimony is admissible to prove good faith.*

The Secretary contends that Defendants improperly cite to deposition testimony of their own witnesses, characterizing it as inadmissible hearsay. That assertion is incorrect. It is well established that sworn deposition testimony is not automatically excludable as hearsay. See *Walker v. City of Buffalo*, No. 22-CV-00520-MAV, 2025 WL 828242, at *22 (W.D.N.Y. Mar. 17, 2025). Courts recognize that deposition testimony may be admissible for multiple purposes, including when it is not being offered for the truth of the matter asserted, or when it fits within an exception such as Rule 801(d)(2).

Here, the testimony is directly relevant to rebutting the Secretary's claim that Defendants acted in bad faith, a central issue in determining whether liquidated damages are appropriate. Rule 801(d)(2) permits admissible hearsay of a party only when "introduced against that party's position at trial". The deposition testimony at issue fits squarely within this hearsay exception. Alexander Gavrilov testified at his deposition that he was unaware of the need for an FLSA-specific legal review and that he simply forgot to seek one. While perhaps negligent, that does not rise to the level of bad faith. The record also shows that Defendants reclassified workers as employees in early 2021 after hiring a human resources consultant and reviewing their obligations in light of this litigation. This conduct reflects an effort to comply with legal obligations, not a willful violation, and the deposition testimony supports that point.

Because the Secretary is actively seeking liquidated damages, the issue of Defendants' intent and reasonableness is squarely at issue. Evidence offered to show that Defendants believed in good faith that they were acting in compliance with the law is therefore highly relevant and admissible under Rule 801(d)1) and (d)(2).  The Secretary cannot simultaneously put good faith at issue and then seek to exclude Defendants' evidence on that very point.

ii.     *The Rule 56.1 Statement remains a valid part of the record.*

The Secretary further argues that Defendants improperly cite to their Rule 56.1 Statement, which was not admitted as a trial exhibit. This too is unpersuasive. The Rule 56.1 Statement was filed on the docket and forms part of the procedural record in this case. The citation at issue appears in a single section of Defendants' post-trial brief, and is clearly offered for context and background, not as evidentiary proof in itself.

"Post-trial briefs in no way limit the court's review of the record." *Aptus Co. v. United States*, 62 Fed. Cl. 808, 811 (2004). Courts across the country will review the entire record in

light of post trial briefs and review the evidence as a whole. See e.g., *In re Tabor*, 637 B.R. 732, 750 (Bankr. S.D. Fla. 2022). Further, courts across the country will review evidence not submitted to the record in post trial briefs. See *Jimlar Corp. v. United States*, 647 F. Supp. 932, 935 (Ct. Int'l Trade 1986) (finding references in post-trial brief to three affidavits which were not submitted into evidence were proper).

As such, the Court has the ability to consider references to prior filings in Defendants' post-trial brief. The Court is fully capable of determining what weight, if any, to give to statements made in prior filings, and may properly consider them to clarify positions or explain the evolution of arguments. To the extent the Secretary believes the reference is overreaching, their remedy is to file a substantive rebuttal, not to strike it wholesale from the record. Courts do not favor striking portions of post-trial briefing absent a showing that the material has no possible relevance and would result in unfair prejudice, and that is not the case here.

Defendants' reference to the Rule 56.1 Statement is narrow, properly framed, and contributes to the Court's understanding of the factual context surrounding the brief's argument. The motion to strike these references should be denied.

## CONCLUSION

The Secretary's motion to strike portions of Defendants' post-trial brief should be denied in full. Each of the challenged materials relates directly to issues squarely before the Court, including worker classification, duration of engagement, and Defendants' good faith. These materials are grounded in the Court record, serve to clarify or contextualize key arguments, and fall well within the Court's discretion to consider. Striking them would elevate form over substance and deprive the Court of helpful and relevant information in resolving the merits. Accordingly, the Secretary's motion should be denied.

Dated: Brooklyn, New York
      August 22, 2025

Respectfully submitted,

          *Roger V Archibald*
By:  Roger V. Archibald, Esq.
      ROGER VICTOR ARCHIBALD, PLLC
      *Attorneys for Defendants*
      26 Court Street, Suite 711
      Brooklyn, NY 11242
      718-237-1111
      Brooklynatty@hotmail.com

To: All counsel of record (ECF)